IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BETTE J. BARSH, ET AL.         :
                               :
     v.                        :     CIVIL NO. CCB-13-3763
                               :
WELLS FARGO BANK, N.A., ET AL. :
                       ...o0o...

**<u>MEMORANDUM</u>**

This dispute involves the proceeds of an insurance policy obtained by mortgage holder Wells Fargo Bank, N.A. ("Wells Fargo"). Plaintiff Joseph Descoteaux, but not plaintiff Bette Barsh, is named as an additional insured on that policy. Defendant Wells Fargo filed a motion to dismiss or for summary judgment, (*see* ECF No. 26), and defendant American Security Insurance Company ("ASIC") filed a motion to dismiss, (*see* ECF No. 32). Both motions are directed at the amended complaint. The plaintiffs did not oppose ASIC's motion, which was granted on March 21, 2014. (*See* ECF No. 46.) The motion to dismiss or for summary judgment, filed by Wells Fargo, and all related papers have been reviewed. Wells Fargo's motion also will be granted.

As to Barsh, she is not a named insured nor did she sign the promissory note.[1] Accordingly, she lacks standing to bring this case. Even if she has standing, the plaintiffs' arguments about the "unconscionability" of a provision in the Deed of Trust are not supported by the allegations in the amended complaint. Count Two alleges a conspiracy between Wells Fargo and ASIC, but ASIC was dismissed without opposition. The plaintiffs agree that Counts Three and Four do not state a claim. Count Five, for conversion, is not supported by the allegations that Wells Fargo has not yet paid out the proceeds of the ASIC policy, pending submission of a

---

[1] Descoteaux, who did sign the promissory note, stopped making mortgage payments in 2009 and allowed the homeowners insurance to lapse.

written estimate to be provided by Descoteaux for the necessary repairs.  *See Nickens v. Mount Vernon Realty Grp., LLC*, 54 A.3d 742, 756 (Md. 2012) ("Conversion is an intentional tort that requires an exertion of ownership or dominion over another's personal property in denial of or inconsistent with the owner's right to that property.").  Further, the fact that the Circuit Court for Anne Arundel County, from which this case was removed, denied an earlier motion for summary judgment filed by Wells Fargo "at this time" does not establish the law of the case so as to preclude this court granting the present motion.  *See Hill v. BASF Wyandotte Corp.*, 696 F.2d 287, 290 n.3 (4th Cir. 1982) (stating that the law of the case doctrine "is not a matter of rigid legal rule, but more a matter of proper judicial administration which can vary with the circumstances").

      Accordingly, finding Wells Fargo's motion well supported in fact and law, the court will grant it by a separate Order which follows.


<u>June 24, 2014</u>                                                          <u>            /s/                                      </u>
Date                                                                           Catherine C. Blake
                                                                          United States District Judge